T.C. Memo. 1996-229

UNITED STATES TAX COURT

ANNE S. AND CHARLES G. VICK, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13694-93.                          Filed May 21, 1996.

Anne S. and Charles G. Vick, pro se.

<u>Martha J. Weber</u>, for respondent.

MEMORANDUM OPINION

COUVILLION, <u>Special Trial Judge</u>:  This case was heard
pursuant to section 7443A(b)(3)[1] and Rules 180, 181, and 182.

Respondent determined a deficiency of $5,440 in petitioners'
1990 Federal income tax.

---

[1]    Section references are to the Internal Revenue Code in
effect for the year at issue.  All Rule references are to the Tax
Court Rules of Practice and Procedure.

After a concession by respondent, the issues for decision are: (1) Whether petitioners failed to report miscellaneous income of $3,341 received from the Shaklee Corp. (the corporation) in 1990, and (2) whether petitioners are entitled to trade or business deductions under section 162 for cost of goods sold.[2]

Some of the facts were stipulated, and those facts, with the annexed exhibits, are so found and are incorporated herein by reference. At the time the petition was filed, petitioners' legal residence was Memphis, Tennessee.

During 1990, Charles G. Vick (petitioner) was self-employed selling the products of the corporation. Petitioners received $3,341 from the corporation during 1990, and that amount was reported by the corporation as a payer to the Internal Revenue Service (IRS) on IRS Form 1099 as Miscellaneous Income. On Schedule C of petitioners' 1990 Federal income tax return, petitioners did not report the $3,341 received from the corporation. Petitioners reported gross receipts of $1,150 and, from this amount, deducted $30,650 as cost of goods sold. The amount of the cost of goods sold was shown on Part III of Schedule C of petitioners' return as follows:

---

[2] At trial, respondent conceded that, for 1990, petitioners are entitled, under sec. 63(f)(1), to the standard deduction amount for joint filers where both spouses are age 65 or older, rather than the basic standard deduction for joint filers.

| | |
|---|---|
| Beginning inventory | $ 0 |
| Purchases | 12,000 |
| Labor | 18,000 |
| Materials and supplies | 4,000 |
| Other costs | 7,500 |
| | $41,500 |
| Ending inventory | (10,850) |
| Cost of goods sold | $30,650 |

In the notice of deficiency, respondent determined that petitioners had unreported income of $3,341 from the corporation and disallowed the entire amount of cost of goods sold for lack of substantiation.

The determinations of the Commissioner in a notice of deficiency are presumed correct, and the taxpayer bears the burden of showing the determinations are incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933).

With respect to the $3,341 received from the corporation, petitioner acknowledged receipt of this amount but contended that the amount represented nontaxable rebates, or purchase-volume discounts, from the corporation. However, other than his own self-serving testimony, petitioner presented no evidence to support this contention. Petitioner failed to meet his burden of proof on this issue. Accordingly, pursuant to section 61, petitioners must include this amount in income. Respondent is sustained on this issue.

With respect to the Schedule C deduction for cost of goods sold, petitioner presented no documentary evidence to support the claimed amount and testified he believed all of his records had been stolen.  When questioned by the Court as to the possibility of documenting the claimed expenditures through other sources, such as records of purchases from the corporation, petitioner stated that he had been unable to obtain such evidence.  Other than his own self-serving statements, petitioner presented no evidence to substantiate the disallowed deduction for cost of goods sold.  Therefore, on this record, respondent's determination on the disallowance of the Schedule C deduction for cost of goods sold is sustained.

Decision will be entered under Rule 155.